Rains v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-231-CR

GREGORY DWAYNE RAINS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Gregory Dwayne Rains appeals his conviction for aggravated sexual assault.  In five points, he contends that the trial court erred in overruling his motions for mistrial and hearsay objections and in admitting extraneous offense evidence.  We will affirm.

The parties are familiar with the facts, and the applicable law is well settled.

In his first and second points, 
appellant contends that the trial court erred in overruling two motions for mistrial based on testimony that alluded to extraneous offenses in violation of article 37.07 of the Texas Code of Criminal Procedure.   We review the trial court’s denial of appellant’s motions for mistrial under an abuse of discretion standard.  
Ladd v. State
, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999); 
Jackson v. State
, 50 S.W.3d 579, 588 (Tex. App.—Fort Worth 2001, pet. ref’d).

Appellant’s first motion for mistrial was based on the complainant’s testimony that appellant told her he had sexually abused her because he had been on speed.  The second motion for mistrial was based on the complainant’s mother’s testimony that appellant “got into some legal trouble.”  Prior to overruling each motion, the trial court had sustained appellant’s objections to the testimony and instructed the jury to disregard it. 

The trial court did not err in overruling appellant’s motions for mistrial  because the extraneous offense testimony was rendered harmless by the trial court’s instruction to disregard.
 
 The testimony was not so "clearly calculated to inflame the minds of the jury or [was] of such damning character as to suggest it would be impossible to remove the harmful impression from the jury's mind." 
 Kipp v. State
, 876 S.W.2d 330, 339 (Tex. Crim. App. 1994) (citing 
Kemp v. State
, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992), 
cert. denied
, 508 U.S. 918, 113 S. Ct. 2361 (1993)).  Accordingly, we overrule appellant’s first and second points.

In his third, fourth, and fifth points, appellant contends that the trial court erred in admitting into evidence the complainant’s mother’s testimony that the complainant was interviewed about abuse that occurred in Hood County.  He contends that this testimony constituted inadmissible hearsay, violated his rights to confrontation and cross-examination, and denied him due process of notice and the right to a jury trial.

When appellant’s attorney cross-examined the complainant’s mother, he questioned her extensively about the number of people with whom the complainant had discussed the abuse.  During that exchange, he asked: “Other than the counselor and the family, who would she have spoken to next outside of the family about this incident–or these incidents?”  The mother responded, “She also had to speak with the police and CPS in Hood County.”  Shortly after that, appellant asked, “So now she’s talking to the Hood County police and the CPS workers that are in that county; is that right?”  The complainant’s mother replied, “Yes.” 

During the State’s redirect examination of the complainant’s mother, the State’s prosecuting attorney asked, “Now as far as having the child interviewed several times in Hood County, were they interviewing the child concerning an incident that happened in Hood County?” and, “Why did they interview your child in Hood County?”  After the trial court overruled appellant’s hearsay objections to these questions, the complainant’s mother explained that “[s]he was down there to speak with them about the acts that happened in Hood County.” 

Because appellant had previously elicited the same testimony from the complainant’s mother during his cross-examination of her, he has failed to preserve these points for our review. 
 See
 
Reyes v. State
, 84 S.W.3d 633, 638 (Tex. Crim. App. 2002); 
Beheler v. State
, 3 S.W.3d 182, 187 (Tex. App.—Fort Worth 1999, pet. ref’d).  Accordingly, we overrule appellant’s third, fourth, and fifth points.  We, therefore, affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED:
 May 19, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.